[Crim. No. 3008. Second Appellate District, Division One.—January 27, 1938.]

THE PEOPLE, Respondent, v. GUSTAVE MOHR, Appellant.

Gladys Towles Root and Morey Stanley Mosk for Appellant.

U. S. Webb, Attorney-General, and Buron Fitts, District Attorney, for Respondent.

DORAN, J.—Found guilty by a jury of the offenses set forth in sections 288 and 278 of the Penal Code, the defendant appeals from the judgment as well as from the order denying a motion for a new trial.

Briefly, it appears from the record that on the morning of April 9, 1937, one Dolores, a girl four years of age, was attending her younger sister and was playing with other children in front of the family home at Thirty-seventh Street and Maple Avenue in the city of Los Angeles. Her eight-year-old brother, Leonard, was also present. About 9:45 A. M. Leonard discovered Dolores leaving in an automobile; she was seated in the front seat with the driver, a stranger. Leonard immediately ran into the house and told his mother, who in turn promptly informed the police. With the exception of the defendant's confession, there is no evidence of the whereabouts of the child until, at 11:15 A. M. of the same day, she appeared in a store three miles from her home and sought to purchase a penny box of matches. At this time and place strangers recognized the child's plight and informed the police. She was returned to her home about 2:30 P. M. of the same day.

It is urged by appellant that there is no evidence of ''child stealing'', the term given to the offense described in

section 278 of the Penal Code, and that therefore the *corpus delicti* of the offense was not established; for this reason, appellant argues, defendant's confession was improperly admitted.

It is elementary that the *corpus delicti* need only be established by *prima facie* evidence, and it follows from the facts briefly recited above that the evidence of the *corpus delicti* more than meets the requirements of the rule.

■ It is also contended by appellant that there is not sufficient evidence to prove the *corpus delicti* of the offense described in section 288 of the Penal Code. With regard to this alleged offense, the mother of the child testified as follows, referring to the examination of Dolores at the receiving hospital:

"Q. Did you take Dolores for a complete physical examination?

"A. Yes, sir, I did.

"Q. Do you know of your own knowledge whether that examination revealed any injury to her sexual organs?

"A. Yes, there was a scratch there."

The child's mother further testified that there were black and blue marks on the outside of Dolores' thighs on both sides; that in the morning of the day of the alleged offense she had bathed the child and that the marks were not there at that time.

Appellant argues that, "In order to convict a man there must be conclusive evidence that a crime was committed, not mere suspicion, . . . " For reasons heretofore mentioned, such argument is without merit. Moreover, it should be noted that the connection of the defendant, or any other person, with a crime, is no part of the *corpus delicti*. Frequently the *corpus delicti* of an offense is evident even though the culprit is never apprehended, or is unknown. This does not mean, however, that evidence of the acts of a defendant or of some other individual may not be taken into account for the purpose of establishing proof of the *corpus delicti*. As in the case at bar, the act of a man who abducts a four-year-old girl under the circumstances revealed by the record herein, is evidence of a purpose which reasonable men will not disregard or reject on the grounds that, at most, as contended by appellant, it raises a mere suspicion. (Sec. 1960, Code Civ. Proc.) To the contrary, such an act on the part of an individual, when considered in connection with the testimony

of the mother, hereinbefore referred to, is sufficient to establish the *corpus delicti* of the offense defined in section 288 of the Penal Code.

The *corpus delicti* of both offenses having been legally proved, the evidence of the confession of the defendant was properly admitted in the absence of a valid reason for excluding the same.

For the foregoing reasons the judgment and order appealed from are affirmed.

York, P. J., and White, J., concurred.