**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Howard William CAZIER, Defendant and Appellant.**

**No. 13398.**

Supreme Court of Utah.

April 11, 1974.

Robert M. McRae of Hatch, McRae & Richardson, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., M. Reid Russell, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

CROCKETT, Justice:

Howard William Cazier appeals from his conviction by a jury of the crime of automobile homicide.[1] He assigns as error the failure of the court to grant his motion to dismiss, on two grounds: (1) that the State had failed to prove the corpus delicti of the crime by evidence independent of his admissions; and (2) because there was shown no reasonable cause for his original arrest.

At about 7:30 in the evening of November 12, 1972, the defendant was driving an oil tanker truck eastward on U.S. Highway 40 in the vicinity where it passes alongside the Strawberry Reservoir in Wasatch

---

1. Sec. 76–30–7.4, U.C.A.1953 (Chap. 165, S.L.U.1957. Repealed by Chap. 196, S.L.U. 1973, now supplanted by Sec. 76–5–207, U. C.A.1953):

"Any person, while under the influence of intoxicating liquor to a degree that renders him incapable of safely driving a vehicle, who causes the death of another person by operating or driving any motor vehicle in a reckless, negligent or careless manner, or with a wanton or reckless disregard of human life or safety, shall be deemed guilty of a felony . . . ."

County. The evidence shows that his truck crossed over the center line into the westbound traffic lane and continued there for considerable distance (about 260 feet), and struck an eastbound pickup truck being driven by Craig Jack Harris, who had swerved to his extreme right side of the highway in order to avoid the collision. This resulted in the death of the latter's passenger, George Paul.

On the basis of the physical evidence, observations made of the defendant that he was unsteady, staggering, smelled strongly of alcohol; and conversations with him, including unsatisfactory responses to physical tests, he was placed under arrest. A blood test given to him at about 11:30 P.M. that night, which showed an alcohol content of 0.10 plus per cent,[2] which it was testified, would have been higher at the time of the accident.

In arguing that the State failed to prove that corpus delicti by evidence independent of his admission, defendant contends that the "corpus delicti" of a crime includes the total proof of all of the elements necessary to convict him of the crime charged, including that he was the driver of the automobile, under the influence of intoxicating liquor, and that he negligently caused the death. Certain of our cases are cited in support of that proposition.[3]

We see nothing in those cases to support the idea that the corpus delicti includes all of the elements of a crime. However, they are in harmony with the traditional and practically universally accepted concept of the term "corpus delic-

ti": that it means literally, the body of the crime; and that as it is used in regard to proof of crime, it refers only to evidence that a crime has been committed. For example, the finding of the body of the person murdered, the ruins of a house burned, or evidence of an injury or violation of person or property; and that it was done by some criminal act.[4] This is quite apart from the question as to who committed it, or whether the accused was involved therein. Indeed the corpus delicti of a crime may be plainly evident, although the perpetrator is never apprehended or is unknown.[5]

Enlightening on this subject is the case of State v. Erwin,[6] wherein Judge Wade (then district judge) speaking for this court about the corpus delicti, said:

In order to support a verdict, the State must prove the corpus delicti; that is, that a crime was committed . . . and this without the aid of the admissions of the defendants themselves. But it does not mean that such defendant must be connected with the crime . . . . .

Considering the facts as hereinabove recited in the light of the law as just discussed, it is indubitably clear that there was adequate proof of the corpus delicti independent of the defendant's confession or admission.

The foregoing sufficiently disposes of the defendant's argument and renders it unnecessary to be further concerned with the sufficiency of the proof of the crime. Nevertheless, we observe in summary that

---

2. U.C.A. 41-6-44(b), 1953, states: (3) If there was at the time 0.08 per cent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor. But see State v. Risk, Utah, 520 P.2d 215 (1974); of interest, but having no application to this case, see subsequent amendment to Sec. 76-5-207(2), U.C.A.1953, enacted by 1974 Special Session.

3. State v. Wells, 35 Utah 400, 100 P. 681; State v. Kimball, 45 Utah 443, 146 P. 313; State v. Sheffield, 45 Utah 426, 146 P. 306;

State v. Crank, 105 Utah 332, 142 P.2d 178, 170 A.L.R. 542; State v. Ferry, 2 Utah 2d 371, 275 P.2d 173; State v. Weldon, 6 Utah 2d 372, 314 P.2d 353.

4. See cases footnote 3 above, all consistent with this statement; and see also 23 C.J.S. Criminal Law § 916(1), p. 624, note 35, citing cases from numerous jurisdictions; 30 Am. Jur.2d 316.

5. See People v. Mohr, 24 Cal.App.2d 580, 75 P.2d 616.

6. 101 Utah 365, 120 P.2d 285.

there was in fact evidence of all of the elements of the offense, upon which the jury was justified in believing beyond a reasonable doubt that the defendant was guilty of the crime charged.

As to defendant's argument that the charge should have been dismissed because he was arrested without reasonable cause: we have a statute which deals specifically with arrests for this crime. Sec. 41–6–44 (e), U.C.A.1953, states:

> A peace officer may, without a warrant, arrest a person for a violation of this section when such violation is coupled with an accident or collision in which such person is involved and when such violation has in fact been committed, although not in his presence, when the officer has reasonable cause to believe that the violation was committed by such person.

We think that a statement of the correct test to be applied: whether upon the basis of the facts known to the officer, a reasonable and prudent person in his position would be justified in believing that the defendant had committed the offense,[7] and reflection upon the evidence discussed herein, provides an obviously sufficient answer to defendant's contention.

Affirmed. No costs awarded.

HENRIOD and TUCKETT, JJ., concur.

ELLETT, Justice (concurring).

I concur except that I do not think Section 41–6–44(b), U.C.A.1953, cited in footnote 2 of the main opinion has any application to a case involving the crime of automobile homicide. See State v. Risk, Utah, 520 P.2d 215 (1974).

CALLISTER, C. J., concurs in the concurring opinion of ELLETT, J.

---

7. As to arrest without warrant on reasonable cause see State v. Hatcher, 27 Utah 2d 318, 495 P.2d 1259, and authorities therein cited.