The STATE of Utah, Plaintiff and Respondent,

v.

Herman Hendrick REEDEKER, Defendant and Appellant.

No. 13732.

Supreme Court of Utah.

April 24, 1975.

---

5. Part of Section 35–1–81, U.C.A.1953, quoted above.

Kent B. Linebaugh, Johnson & Linebaugh, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Chief Justice:

Appeal from a conviction for theft. Reversed with instructions. I agree with the verdict, but not the sentence. It seems reasonable to concede that:

I. The statutes say that 1) The sentence can be: Not more than five years and/or $5,000 fine, and 2) that probation may be given on condition the accused makes restitution "for the actual damages or losses *caused* by the offense when he is convicted; 3) that here the offense *caused* a $563.80 loss; 4) that the judge sentenced the accused to the maximum penalty of not more than five years *and* a $5,000 fine; 5) that the court offered him, not a suspension of anything, but a naked probation, *conditioned* that in addition to the five years *and* the $5,000 fine assessed against the defendant, *and* the $563 amount the accused was ordered to pay as "restitution," —that the accused "make restitution" of $15,170 more.

So far as this record is concerned, the $15,170 seems to be a stranger to *this case,* but almost obviously represents some other alleged or *assumed* peculation or aggregate of offenses without specificity in the record here. This excrescence on the sentence imposed appears to be something akin to an alternative to pay up something not found in the record or be imprisoned for debt. The amount completely is divorced from the only thing before the trial court in *this particular case,* a $563 involvement only, not the $15,170. It would seem to have some sort of affinity to a situation where one charged with and convicted of larceny were confronted with an offer of probation, *if* he would plead guilty to another larceny charge never filed, never heard, and for which he was never convicted. We cannot subscribe to such a result.

Probation is something else than suspension of part of the sentence, which latter was not offered here as an alternative. Had it been, even then would seem to be procedurally and substantively abortive, without something further by way of a proper undertaking establishing culpability. The accused here, after paying, for example, $10,000 of "restitution,"—all he could muster, perhaps,—could then be jailed for up to five years for violation of the *probation,* which no doubt would not hold under a *suspended sentence.*

The dissent volunteers, apparently, without anything more than conjecture, that exhibits show possible but unproved theft of $4,000,—which have nothing to do with $563,—that may not have been all of the thefts of the defendant. Such philosophical gifts are ipse dixits and non sequiturs, —all as unwarranted bargain pieces in exchange for a result quite uncalled for in the case here.

The dissent's statement that "defendant's lawyer [1] says that the defendant prefers

---

[1]. In oral argument.

the sentence to remain rather than permit the trial judge to reconsider the conditions of probation" does not justify a diversionary reason to ignore the fact that the maximum penalty for this particular charge fully satisfies statutory requirements in this case and the accused should not be penalized more to satisfy some other untried and/or unproved charge. Elsewise, there would seem to be an unauthorized employment of the rack for the dock.

The case is reversed with instruction to eliminate the additional requirement of restitution to some person or corporation not particeps to this case, or to pursue further proceedings within the statutory limitations applicable to the facts of this case.

TUCKETT, J., concurs.

MAUGHAN, Justice (concurring):

In concurring in the result of the opinion of the Chief Justice, I believe that, under the facts given, the action taken by the trial judge was justified, and absent the limitation of the statute could be allowed. I think society would profit from legislative amendment of the subject statute, to allow a wider discretion to the trial judge, in matters of this nature. Such amendment would better serve the purpose of the statute, viz., to encourage the reformation of wrongdoers. As with other discretionary powers granted in the statute such power would be subject to review for abuse.

The matter should be remanded for resentencing.

ELLETT, Justice (dissenting):

The defendant appeals from a verdict of guilty of larceny and the sentence based thereon. He claims the trial court erred in the following particulars:

1. In not requiring the State to prove that services were not rendered for the money obtained.

2. In admitting evidence of other crimes.

3. In refusing to grant a continuance of the trial if evidence of prior acts was admissible.

4. In requiring restitution of an amount greater than the amount of the offense.

He further claims that the evidence did not show that the crime charged had been committed.

The defendant, as manager of the tailor shop of a department store, presented a voucher for outside tailoring work and secured a check in payment thereof in the amount of $563.80 payable to "B. Reese Co." The record justifies a finding that no outside work was performed by anybody and that there was no entity known as "B. Reese Co." B. Reese was a former name of the defendant's wife, and the check was deposited in the joint bank account of the defendant and his wife.

Several other prior vouchers with checks in payment thereof payable to "B. Reese Co." or "B. Reese" and deposited to the account of the defendant and his wife were introduced in evidence—not to demean or disgrace the defendant but to show a modus operandi; and since the operation was identical to that which resulted in this prosecution, I do not think there was any error in admitting the evidence.[1]

The defendant also claims that the evidence did not prove a crime. A corpus delicti can be proved by circumstantial evidence.[2] The defendant did not testify, and so there was no contradictory evidence to that of the State which showed that there was no unusual work load at the time in question; that the defendant was not given permission to put work out for hire; that stand-by employees were not given full-time employment; that there was no B. Reese Co.; and that the money obtained went into the defendant's bank account.

1. State v. Lopez, 22 Utah 2d 257, 451 P.2d 772 (1969).

2. State v. Cazier, Utah 2d, 521 P.2d 554 (1974); State v. Schad, 24 Utah 2d 255, 470 P.2d 246 (1970); State v. Erwin, 101 Utah 365, 120 P.2d 285 (1941).

The statute under which the defendant was charged [3] provides:

(1) A person commits theft if he obtains or exercises control over property of another by deception and with a purpose to deprive him thereof.

I think the evidence was sufficient to show beyond a reasonable doubt that B. Reese Co. never performed work for which the check was drawn. In addition to what has been said above, the workmen who would have pressed any outside work testified that no such work was presented to them by the defendant or anybody else.

The court instructed the jury as follows:

### INSTRUCTION NO. 19

If you find that ZCMI received the benefit of work actually performed as listed in Exhibit 2, then you must find the defendant not guilty.

### INSTRUCTION NO. 20

Before you can convict the defendant of the crime of theft, you must find from the evidence, beyond a reasonable doubt, all of the following elements of that crime:

1. That on or about October 26, 1973, the defendant, Herman H. Reedeker, obtained money from ZCMI, a corporation.

2. That the amount of money was more than $250.00 but less than $1,000.00.

3. That the defendant, Herman H. Reedeker, made a false or fraudulent representation or pretense to obtain said money and that said representation was made knowingly.

4. That the defendant, Herman H. Reedeker, had a concurring intent at the time said representation was made to cheat or defraud ZCMI.

5. That ZCMI parted with something of value in reliance upon the false or fraudulent representation or pretense, believing it to be true.

6. That such acts occurred in Salt Lake County, State of Utah.

If you believe that the evidence establishes each and all of the essential elements of the offense beyond a reasonable doubt, it is your duty to convict the defendant. On the other hand, if the evidence has failed to so establish one or more of said elements, then you should find the defendant not guilty.

One final matter needs to be disposed of. The evidence given in court shows that the defendant obtained over $4,000.00 from his employer by the same ruse used in this case. Our statute [4] provides that as a condition of probation a defendant "may be required to make restitution or reparation to the aggrieved party or parties for the actual damages or losses caused by the offense to which the defendant has pleaded guilty or for which conviction was had; . . ."

The defendant now asserts that a condition of probation which requires him to restore more than $563.80 or at most the $4,000.00 plus shown by the evidence is improper, and he urges us to remand with directions for the trial court to reduce the condition of probation to $563.80. Under no circumstances does he desire for us to remand this case for a new sentence.

The $4,000.00 plus shown by the exhibits to the court may not have been all of the thefts of the defendant. The statute permits the court to require restitution of an amount of the actual damages occasioned by the offense for which the defendant was found guilty. He was found guilty of theft, and while the specific charge involved only $563.80, the thefts from the employer were greatly in excess of that sum.[5]

---

3. Sec. 76–6–405, U.C.A.1953 as amended (1973 Pocket Supplement).

4. Sec. 77–35–17, U.C.A.1953.

5. The probation report shows that the insurance company paid $14,170, which was the amount of defalcation less $1,000 deductible.

After the court received a probation report, he stated to the defendant:

. . . I will place you on probation on the following conditions:

1. That you make restitution in the sum of $15,170.00 and pay a fine in the sum of $5,000.00 and sign a probation agreement with the regular terms.

\* \* \* \* \* \*

Do you accept those terms of probation?

The defendant answered, "Yes."

I presume the court acted properly. At any rate, the defendant's lawyer says the defendant prefers the sentence to remain rather than permit the trial judge to reconsider the conditions of probation.

I see no error which would warrant us in reversing the trial court and in making a sentence of our own choosing.

The other assignment of error is without merit.

The judgment should be affirmed or at least remanded for a new sentence.

CROCKETT, J., concurs in the views expressed in the dissenting opinion by ELLETT, J.