STATE of Utah, Plaintiff and Appellee,

v.

Douglas R. MORCK and Arthur J. Hobbs, Defendants and Appellants.

No. 910144–CA.

Court of Appeals of Utah.

Nov. 26, 1991.

---

Loni F. Deland, Salt Lake City, for defendants and appellants.

R. Paul Van Dam and Creighton C. Horton, II, Salt Lake City, for plaintiff and appellee.

Before BILLINGS, GREENWOOD and RUSSON, JJ.

GREENWOOD, Judge:

This is a consolidated appeal by defendants Douglas R. Morck and Arthur J. Hobbs of their convictions of taking or possessing protected wildlife without a proper permit, a class A misdemeanor, in violation of Utah Code Ann. § 23–20–3 (1984). They argue that the trial court erred in denying their motion to suppress evidence obtained in a warrantless search of their truck. They contend that the search violated their rights under Article I, Section 14 of the Utah Constitution. We affirm.

## BACKGROUND

On May 23, 1990, the Division of Wildlife Services (DWS) received a phone call from a confidential informant alleging that defendants were going to the Book Cliffs area, near the Ute Indian reservation in Southern Utah, to hunt bear without a valid permit for that area. The informant stated that defendants planned to gain access to the Ute Indian reservation posing

as fishermen. The informant also stated that defendants would be camped on the rim between Flatnose, George Canyon and Weaver Reservoir. One of the DWS officers knew from personal experience that both defendants had hunted bear in the Book Cliffs in the past. He also confirmed that defendants did not have valid hunting permits for that area, but did have bear hunting permits for other undersubscribed areas of the state.

Two DWS officers went to the location identified by the informant and spotted Morck's truck with fishing poles on the gun rack. For four days, a team of officers conducted periodic surveillance of the area and the truck. On the third day, they observed defendants, dressed in camouflage clothing, return to the truck carrying rifles. Defendants quickly put the rifles in cases and then inside the truck. The officers also noted that the fishing poles were still on the gun rack.

The next night at approximately 11:20 p.m., the officers overheard defendants place a radio call for a tow-truck to be dispatched to their truck because it was inoperable. Two officers then went to make contact with defendants, taking a search dog, "Thumper," with them. When the officers arrived, defendants called them over and told them they were having truck trouble. The officers identified themselves, told defendants to exit the truck, and after they had done so read them their *Miranda* rights, but did not arrest them. The officers removed the rifles from the truck, as well as a gun which defendant Hobbs stated was under the seat.

The officers then took the search dog over to the back of the truck. The parties do not agree on what happened next. The State claims that the dog alerted on Hobbs's boots and then, without command, jumped into the back of the truck and alerted on a backpack that was partially covered by a tarp. The defendants allege that the officers put the dog into the back of the truck where he alerted on Morck's boots and two coolers that were covered by a tarp. All agreed that after the dog alerted, the officers removed a tarp exposing

the coolers which they then opened. Bear hides were found in the coolers, with tags for Beaver and Cedar Mountains rather than Book Cliffs, and with harvest dates for days when defendants were under surveillance.

Defendants were then arrested and charged with taking or possessing protected wildlife without a proper permit, a class A misdemeanor. They filed a motion to suppress claiming that the search of their truck violated the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Utah Constitution. The trial court denied the motion and defendants entered conditional guilty pleas. *State v. Sery*, 758 P.2d 935, 937–40 (Utah App.1988). This appeal followed.

## ISSUES

On appeal, defendants argue that the warrantless search of their truck did not satisfy the automobile exception requirements under the Utah Constitution. They specifically raise the following issues: (1) whether the officers had probable cause to search their truck; and (2) if so, whether there were exigent circumstances to justify the search under the Utah Constitution. Defendants do not argue under the Fourth Amendment on appeal, relying solely on the Utah Constitution.

## STANDARD OF REVIEW

"In absence of clear error, the trial court's findings of fact underlying its decision to grant or deny the suppression motion must be upheld." *State v. Steward*, 806 P.2d 213, 215 (Utah App.1991) (citing *State v. Bruce*, 779 P.2d 646, 649 (Utah 1989)). The trial court's legal conclusions drawn from those facts, however, are reviewed under a correction of error standard. *Steward*, 806 P.2d at 215 (citing *State v. Johnson*, 771 P.2d 326, 327 (Utah App.1989) *rev'd on other grounds*, 805 P.2d 761 (Utah 1991)).

## ANALYSIS

Warrantless searches are per se unreasonable under both the state and federal

constitutions. *State v. Larocco*, 794 P.2d 460, 470 (Utah 1990) (citing *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967)). This rule is "subject only to a few specifically established and well-delineated exceptions." *Katz*, 389 U.S. at 357, 88 S.Ct. at 514. One such exception to the warrant requirement is the automobile exception. *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *Larocco*, 794 P.2d at 467–68. The State bears the burden of establishing both probable cause and exigent circumstances in order for a warrantless search to fall within the automobile exception under Article I, Section 14 of the Utah Constitution. *Larocco*, 794 P.2d at 470; *State v. Christensen*, 676 P.2d 408, 411 (Utah 1984); *State v. Limb*, 581 P.2d 142, 144 (Utah 1978).

## Probable Cause

Defendants argue that the officers did not have probable cause to search their truck. They concede that before the dog alerted, the officers had a reasonable suspicion of criminal activity. Defendants argue, however, that such suspicion did not justify the search of the truck. They claim that even if the officers had probable cause to search after the dog alerted, the search was tainted because the officers used the dog improperly. The defendants contend that the officers placed the dog in the back of the truck without probable cause, constituting the commencement of an illegal search. The State's witnesses, however, testified that the dog spontaneously alerted on the boots Hobbs was wearing and then jumped into the back of the truck without command. After listening to all of the witnesses, the trial court did not make a finding as to which version it believed was true. Rather, it stated that such a finding would be of no material or legal significance.

■ The test for determining probable cause is whether the facts known to the officer, and the fair inferences therefrom, would justify a reasonable and prudent person in the officer's position in believing that the suspect had committed an offense.

*State v. Ramirez*, 814 P.2d 1131, 1133–34 (Utah App.1991); *State v. Ayala*, 762 P.2d 1107, 1111 (Utah App.1988) (citing *State v. Hatcher*, 27 Utah 2d 318, 495 P.2d 1259, 1260 (1972)). There need be "only the probability, and not a prima facie showing, of criminal activity." *State v. Brown*, 798 P.2d 284, 285 (Utah App.1990) (quotations omitted).

■ We find that the officers had probable cause to search the vehicle before the search dog ever alerted. Probable cause existed based on the details provided by the informant, the officers' observations during their surveillance, and other information the officers had gathered. The officers were able to confirm the essential information supplied by the informant: the location where defendants would be found, that defendants were posing as fishermen, and that they did not have valid bear hunting permits for the area. The officers also gained other corroborating information during their four-day surveillance. They saw defendants dressed in camouflage clothing, with rifles, return to the truck while the fishing poles were still on the gun rack. They also observed defendants make two trips to the same area. Based on all these facts, the officers had ample probable cause to believe that evidence of illegal bear hunting would be found. We agree further with the trial court that the dog's alerting was not a necessary component of that probable cause, but merely added to it.

## Exigent Circumstances

■ Under Article I, Section 14, there must be exigent circumstances to justify a warrantless automobile search. *Larocco*, 794 P.2d at 470. We do not read *Larocco* as establishing a new test for automobile searches under the Utah Constitution. Rather, *Larocco* affirms that Utah courts will continue to follow the original exigent circumstances test for warrantless searches of automobiles as originally required by the United States Supreme Court in *Carroll*, 267 U.S. at 151–52, 45 S.Ct. at 284, not the test as subsequently eroded in

**1194**

late cases from the United States Supreme Court. *Larocco*, 794 P.2d at 466–69.

■ The trial court specifically found that exigent circumstances existed in this case. The determination of whether exigent circumstances existed is a question of fact, which should not be disturbed on appeal unless clearly erroneous. *State v. Ashe*, 745 P.2d 1255, 1258 (Utah 1987).

■ We agree with the trial court that exigent circumstances existed which justified the warrantless search of defendants' truck and the closed containers. The contact between the officers and defendants took place near midnight on a dirt road in a remote area, many miles from the nearest magistrate. A tow-truck was on its way to take the truck to where it could be repaired. Defendants were not then under arrest and could have gone with the tow-truck and removed any incriminating items. Also, given the practical realities of the situation, the officers were not in a position to obtain a telephonic warrant.[1] The nearest pay phone was located two hours away and radio contact was not viable.

We find no error in the trial court's determination that sufficient exigent circumstances existed justifying an immediate warrantless search.

### CONCLUSION

Because we agree with the trial court's findings that both probable cause and exigent circumstances were present, we conclude that the warrantless search of defendants' truck fell within the automobile exception to the warrant requirement. The search therefore did not violate defendants' rights under Article I, Section 14 of the Utah Constitution. We affirm.

BILLINGS and RUSSON, JJ., concur.

---

1. Counsel for defendants seemed to argue that the State must show that the officers could not get a telephonic warrant in addition to demonstrating exigent circumstances to justify the search. We do not read *Larocco* or *State v.* *Ashe*, 745 P.2d 1255, 1268–69 (Utah 1987), as imposing such a requirement. While they encourage the use of telephonic warrants, their availability is only one factor in determining existence of exigent circumstances.