## STATE *v.* DAVID McCUNE.

ASSAULT WITH INTENT TO COMMIT RAPE—RAPE—QUESTION FOR THE JURY—CONSTITUTIONAL LAW—INTENT—REASONABLE DOUBT.

1. When the essential elements constituting the crime of an assault with intent to commit rape are made out and established, the question is for the jury; and it is not within the legal power of the supreme court. under section 9, art. 8, of the constitution, to substitute its judgment for that of the jury, even if so inclined.

2. *Rape.*

   Rape is not committed upon the person of a woman over the age of 13 years when no circumstances of force or violence accompany the carnal knowledge. Force or violence, or threats of

immediate and great bodily harm, accompanied by an apparent power of execution, are essential elements in the crime of rape. The general rule requires that there should be shown, not only force, violence, or fraud, but the utmost reluctance and the utmost resistance on the woman's part. The essence of the offense charged is not in the fact of the intercourse, but the injury and outrage to the feelings of the woman by means of the forcible carnal knowledge.

3. *Assault with Intent to Commit Rape.*

In cases of assault with intent to commit rape, the intent with which the assault is made is of the essence of the offense; and, in order to convict, the jury must be satisfied, beyond a reasonable doubt, not only that the defendant had the ability and intended to gratify his passions on the person of the woman assaulted, but that he intended to do so at all events, and notwithstanding any resistance on her part.

When the intent is the gist of the offense, that intent should be shown by such evidence as, uncontradicted, will fairly authorize it to be presumed beyond a reasonable doubt.

4. *Reasonable Doubt.*

A reasonable doubt is not a mere imaginary, captious, or possible doubt, but a fair doubt, based upon reason and common sense, and growing out of the testimony in the case. It is such a doubt as will leave the juror's mind, after a careful examination of all the evidence, in such a condition that he cannot say that he has an abiding conviction, to a moral certainty, of the defendant's guilt.

5. *Consent.*

In the absence of threats, no act of the defendant constituted an assault, if such acts were consented to by the woman, provided it appears that she had the capacity to consent.

6. *Reputation of Prosecutrix—Bad Character—Testimony.*

It is no excuse to the defendant that the person assaulted was a woman of bad reputation for chastity, if she was forced against her will. If the woman be of bad reputation for chastity, that fact is a proper matter for the consideration of the jury, as affecting her credibility as a witness, and as to whether she would be more unlikely to resist an assault of that character upon her person.

7. Resistance.

> No more resistance, in any case, is required by law, than the condition of the woman will permit her to make.

(No. 845.   Decided Jan. 26, 1898.)

Appeal from the Sixth district court, Garfield county. W. M. McCarty, *Judge.*

David McCune was convicted of an assault with intent to commit rape, and appeals. *Affirmed.*

*E. B. Critchlow,* for appellant.

Cited: *People* v. *Benson,* 6 Cal. 221; *Christian* v. *Com.,* 23 Grattan 954; *People* v. *Hamilton,* 49 Cal. 549; *Boxley* v. *Com.,* 24 Gratt. 655; *People* v. *Ardage,* 51 Cal. 371; *Thomas* v. *State,* 16 Tex. App. 535; *State* v. *Massey,* (N. C.) 42 Am. Rep. 478; *State* v. *Biggs,* 61 N. W. Rep. 417; *House* v. *State,* 9 Tex. App. 567; *Sanford* v. *State,* 12 Tex. App. 196; *Irving* v. *State,* 9 Ib. 66; *Sadler* v. *State,* 12 Ib. 194.

*A. C. Bishop, Atty. Gen., Benner X. Smith* and *John F. Chidister,* for the State.

MINER, J.:

The defendant in this case was charged with having on the 22d day of September, 1896, in Garfield county, committed an assault on one Louie Talbot, with an intent to commit rape. The jury found the defendant guilty, and he was sentenced to imprisonment in the state penitentiary at Salt Lake City for a period of 18 months. The defendant appealed from the judgment, and alleges that the evidence was insufficient to sustain the verdict and judgment.

The prosecutrix testified, among other things, that she had known the defendant but a few days; that she understood he was a married man, traveling as an agent; that

she had attended a party and been with him on several occasions; that on the night in question they had returned to her father's gate at about midnight, and that they both sat down 'on a pole and talked; that defendant had his arm around her shoulder about 15 minutes; that the place where they sat down was about 10 feet from the door of the house, where her father and sister were asleep; that defendant attempted to place his hands under her clothes, and she said she would halloo if he did not stop; that he replied, "You won't;" that she made no further remark; that he continued to try to get his hand under her clothes; that he placed one hand over her mouth; that she struggled to get free, but did not scream; that she did not think that there was any need of screaming; that she thought that he would behave himself; that she breathed through her nose, and could only make a "smuggled" noise, that could not be heard any distance. She says: "He slipped me over backwards, and put his left leg over my throat, and put my limbs over his right leg, and pressed me in the ground so that I could not breathe. Then he put both hands under my clothes. His hands went down to my naked person that time. I remained in that way until father came out,—probably five minutes. I got my breath through my nose. I could not halloo or scream. Father then came up, and said: 'You son of a b——! I'll kill you, if it is the last thing I do.' McCune then threw me sprawling, and jumped up and ran away, leaving his hat, and father ran after him. It was a bright moonlight night. I resisted all I could, from the first. I was angry with McCune on account of his conduct. I could not get up and leave him, and that was the reason why I remained there with his hands under my clothes. As father came out, I said, 'You son of a b——! let me go.'" Other corroborating testimony was given.

The defendant admitted taking liberties with the prosecutrix, but claimed that it was done with her consent, and that her statements in other respects were not true. Witnesses were called to impeach and to sustain the general reputation of the prosecutrix for virtue and morality. From all the testimony disclosed by the record, we are of the opinion that the contention on the part of the defendant cannot be maintained. It is true that the assault was made at a time, place, and under circumstances which might tend in some degree to throw discredit upon the testimony of the prosecutrix, and leave a supposition that the defendant might not have intended at the time to consummate the alleged offense by force, and against the will of the prosecutrix, notwithstanding any resistance she might make. But all the surrounding circumstances were shown to the jury, and they found the issues against the defendant. If the jury believed the testimony offered on the part of the prosecutrix, it was clearly sufficient to justify the verdict found. In such cases, and under such circumstances, it is not within the legal power of this court, under the constitution of this state, to substitute its judgment for that of the jury, even if so inclined. This question has been passed upon by this court so frequently that it is unnecessary to give further reasons, or cite authority, in support of the position taken.

Rape, under the statute (section 4217, Rev. St. 1898), is not committed upon the person of a woman over the age of 13 years, when no circumstances of force or violence accompany the carnal knowledge. Force or violence, or threats of immediate and great bodily harm, accompanied by an apparent power of execution, are essential elements in the crime of rape. If the threats are such as to create a real apprehension of dangerous consequences, or of great and immediate bodily harm, accompanied by

apparent power of execution, or are such as in any manner to overpower the mind of the woman so that she dare not resist, it is sufficient. The general rule requires that there should not only be force, violence, or fraud, but that the utmost reluctance and the utmost resistance on the part of the woman should appear. If, from the whole circumstances, it should appear that although, when the prosecutrix was first laid hold of by force and violence, it was against her will, yet she did not resist afterwards, because she, in some degree, voluntarily consented to what was afterwards done to her, the defendant should not be convicted of the crime of rape, although he could be convicted of an assault. The essence of the offense charged is not in the fact of the intercourse, but the injury and outrage to the feelings of the woman by means of the carnal knowledge effectuated by force. 3 Russ. Crimes 236; *Rex* v. *Lloyd*, 7 Car. & P. 318; *People* v. *Morrison*, 1 Parker Cr. Cas. 625; *People* v. *Cornwall*, 13 Mich. 427.

An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another. In cases of an assault with intent to commit rape, such as is charged in this case, the intent with which the assault is made·is of the essence of the offense; and, in order to justify a conviction, the jury must be satisfied, not only that the prisoner had the ability and intended to gratify his passions on the person of the woman assaulted, but that he intended to do so at all events, and notwithstanding any resistance she might make. *Rex* v. *Lloyd*, 7 Car. & P. 318; *Strang* v. *People*, 24 Mich. 1; *Don Moran* v. *People*, 25 Mich. 356; *People* v. *Cornwall*, 13 Mich. 427; Tiff. Cr. Law, 873–875.

When the intent is the gist of the offense, that intent should be shown by such evidence as, uncontradicted, will

authorize it to be presumed beyond a reasonable doubt. In order to convict, it is incumbent upon the prosecution to prove its case, and establish the defendant guilty, beyond a reasonable doubt. A reasonable doubt is not a mere imaginary, captious, or possible doubt, but a fair doubt, based upon reason and common sense, and growing out of the testimony in the case. It is such a doubt as will leave the juror's mind, after a careful examination of all the evidence, in such a condition that he cannot say that he has an abiding conviction, to a moral certainty, of the defendant's guilt.

With reference to this case, in the absence of threats of immediate and great bodily harm, accompanied by the apparent power of execution, no act of the defendant constituted an assault upon the prosecutrix, if such act or acts were consented to by her at any time; and no such acts of the defendant towards or upon the person of the prosecutrix could be regarded as an assault, if by her silence, or failure to object to them as they progressed, she gave the defendant reasonably to understand that seriously she did not object at all. Nor is it an excuse that the person was a woman of bad reputation for chastity, if she was forced against her will. No more resistance, in any case, is required by the law, than the condition of the woman will permit her to make. If the woman be of bad reputation for chastity, that fact is a proper matter for the consideration of the jury, as affecting her credibility as a witness, and as to whether she would be likely or unlikely to resist an assault of that character upon her person.

The defendant excepted to the refusal of the court to instruct the jury as requested by him, and to the court's instructions to the jury. Among others, an exception is taken to the use of the word " satisfactorily " in the in-

structions of the court, wherein the court said, " The law presumes the defendant innocent until the contrary is proven, and, in case you have a reasonable doubt whether his guilt has been satisfactorily shown, then you should acquit him." We can discover no error in this instruction. It was given in connection with a careful review of the law' of the case, covering the question heretofore presented. After considering the evidence in the case, the jury should be convinced and satisfied of the guilt of the accused beyond a reasonable doubt before they should convict him.

Upon a careful examination of the instructions given, we are satisfied that the law of the case was fully, fairly, and correctly given to the jury, by elaborate instructions that covered the material and relevant portions of the requests presented by the defendant, and that the court committed no error in its charge to the jury, or in rejecting the evidence objected to. So far as appears from this record, the defendant was legally convicted of the crime charged. We find no error in the record. The judgment of the court below is affirmed.

ZANE, C. J., concurs. BARTCH, J., concurs in the result.