## STATE OF UTAH, Respondent *v.* JOHN A. BLYTHE, Appellant.

Witness—Test of Competency—Under Sec. 3413 R. S. 1898.
Criminal Procedure—Prosecution for Rape—Question for
Jury. Rape—Charge of—Includes Assault with Intent—
Province of Jury Under Sec. 4893 R. S. 1898. Trial for
Greater Offense—Conviction of Lesser—How Regarded.

*Witness—Test of Competency—Under Sec. 3413 R. S. 1898.*

Under Sec. 3413 R. S. 1898, when a child under ten years of age
is offered as a witness, not age, but capability of receiving
just impressions of facts and relating them truly, are the
tests of competency.

*Criminal Procedure—Prosecution for Rape—Question for Jury.*

Where, on a trial for rape, the prosecutrix testifies to acts of
defendant tending to show the commission of the offense
charged and her evidence on material points is corroborated,
the trial court is warranted in submitting the case to the
jury.

*Rape—Charge of—Includes Assault with Intent—Province of Jury
Under Sec. 4893 R. S. 1898.*

The charge of rape necessarily includes assault with intent to
commit rape, and where a defendant is charged with and
tried for the completed offense of rape, it was competent for
the jury, under the provisions of Sec. 4893 R. S. 1898 to find
him guilty of that specific offense, or of an assault with intent
to commit rape.

*Trial for Greater Offense—Conviction of Lesser—How Regarded.*

Where an offense charged includes a lesser offense, although it
appears from the evidence that the greater offense was com-
mitted, it is still within the province of the jury to find the
defendant guilty of the lesser, and such a verdict must be
regarded as advantageous rather than injurious to defendant.

(Decided November 2, 1899.)

Appeal from the Third District Court, Salt Lake County, Hon. A. G. Norrell, *Judge.*

Appellant was charged by the information with and on the trial was convicted of the crime of rape. From a judgment of imprisonment entered on the verdict, defendant appealed. *Affirmed.*

*E. B. Critchlow, Esq.*, for appellant.

*Hon. A. C. Bishop*, Attorney General, and *William A. Lee, Esq.*, Deputy Attorney General, for the State.

BARTCH, C. J.

The record shows that the appellant was charged, by information, with the crime of rape, committed upon a little girl about six years old, and at the trial was convicted of an assault with an intent to commit rape. Judgment of imprisonment in the State prison for a period of seven years, having been rendered, this appeal was prosecuted.

The first contention on behalf of the prisoner is that the court erred in permitting the child to be sworn and testify against him. The objection is based on section 3413, R. S., which, so far as material here, provides that "children under ten years of age, who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly," cannot be witnesses. As will be noticed this provision of the statute does not apply to all children under ten years of age, but to such only as "appear incapable of receiving just impressions of facts," concerning the subject of inquiry, or of stating them truly. The language used clearly implies that the disability or incompetency referred to must appear to the trial judge. When, therefore, objection is

made to the competency of a child under ten years of age, it becomes a question addressed to the sound discretion of the trial court, and the appellate court will not interfere, if the lower court, upon examination made upon its *voir dire*, or upon all of its testimony, concludes that the child is competent to testify, unless there is a clear abuse of discretion apparent from the record. Likewise, if the court concludes that the child is incompetent as a witness. And this for the reason that the trial court, having the witness before it, is better able to judge of its capability or incapability than the appellate court, whose judgment must be based wholly upon the record. Not age, but capability of receiving just impressions of facts and of relating them truly, are the tests of competency, under the statute. Hence if the child appears to have such capability, that is, to possess sufficient sense of the danger and impiety of false swearing, or is sensible of the wickedness of telling a deliberate lie, it may be admitted as a witness, regardless of its age. 4 Bl. Comm. 214; Whart. on Ev., Sec. 398; *People* v. *Baldwin*, 117 Cal. 244; *People* v. *Craig*, 111 Cal. 460; *Milligan* v. *Territory*, 2 Okl. 164; *State* v. *Jackson*, 9 Ore. 457.

In the case at bar we perceive nothing which shows an abuse of discretion, on the part of the trial court, in permitting the child to testify. The statements, made upon her *voir dire*, as well as her testimony given during the trial, indicate that she was a competent witness.

It is also insisted that the court erred in refusing to instruct the jury to return a verdict for the defendant. Upon careful examination of the record, we perceive no error in the trial court's action on this point. The little girl testified distinctly to acts, on the part of the defendant, tending to show the commission of the offense charged, and her evidence on material points, as appears from the

the transcript was corroborated by the testimony of other witnesses.    Under such circumstances the court was warranted in submitting the case to the jury.

Nor did the court err in charging the jury that the defendant might be convicted of an assault with intent to commit rape.   The information charged the defendant with the specific offense of rape.   That charge necessarily included an assault with intent to commit rape.   The higher crime includes the lesser.   The offense charged was but the aggravation of the criminal assault.   The crime of rape cannot be perpetrated without first commiting an assault.   The assault always precedes the completed offense of rape.   These things are so under our statute, Sec. 4495, R. S.

Where the crime of rape is perpetrated upon a female under the age of consent, the assault is committed by the perpetrator willfully or feloniously laying hands on her person with the design to carnally know her.   In such case whether or not the female consents is immaterial. When, therefore, the defendant was charged with and tried for the completed offense of rape, it was competent for the jury, as provided in Sec. 4893, R. S., to find him guilty of that specific offense, or of an assault with intent to commit rape, as, in their judgment, the evidence warranted, and the court in so charging the jury, committed no error, there being evidence to justify the charge. and sustain the judgment.   Even though, from the evidence, it may appear that the offense of rape was actually completed, still the jury had the power to convict the defendant of the lesser offense, however illogical such conviction may seem; and such action of the jury cannot be regarded as injurious to the defendant, but only as advantageous to him.    *People* v. *Miller*, 96 Mich. 119; *In re Lloyd*, 51 Kan. 501; *Pratt* v. *State*, 10 S. W. R. 233; *Richie* v.

*The State*, 58 Ind. 355; *Campbell* v. *People*, 34 Mich. 351; *State* v. *Kyne*, 86 Ia. 616; *State* v. *McLaughlin*, 44 Ia. 82, 87.

We see no reversible error in the record.

Judgment affirmed.

Miner, J. and Baskin, J. concur.