275 P.2d 173

### The STATE of Utah, Plaintiff and Respondent,

v.

### Jay D. FERRY, Defendant and Appellant.

No. 8181.

Supreme Court of Utah.

Oct. 26, 1954.

---

————◆————

Aldrich & Bullock, Provo, for appellant.

E. R. Callister, Jr., Atty. Gen., Walter L. Budge, Deputy Atty. Gen., for respondent.

HENRIOD, Justice.

Appeal from a carnal knowledge conviction. Reversed with instructions to grant defendant's motion to dismiss.

Only facts requiring documentation here substantially are as follows: Defendant confessed in writing, and, according to a deputy sheriff's testimony, answered "yes" when the girl in question inquired if it were right that the two had relations. The girl and her mother refused to attend the trial which proceeded after denial of a prosecution motion for a continuance.

An accused cannot be convicted on his confession alone. [1] We believe and hold that in addition there must be independent, clear and convincing evidence of the corpus delicti, [2] although we and the authorities

1. 127 A.L.R. 1131.

2. In State v. Wells, 1909, 35 Utah 400, 100 P. 681, 136 Am.St.Rep. 1059, 19 Ann. Cas. 631, we held the independent evidence must prove the corpus delicti beyond a reasonable doubt; in State v. Johnson, 1938, 95 Utah 572, 83 P.2d 1010, we softened that rule by saying such proof need not be conclusive; we enunciate the rule in our present decision, to clarify the matter, feeling that

generally do not require it to be convincing beyond a reasonable doubt.[3]

 The only independent evidence which might tend to establish a corpus delicti and lend credence to the confession here, is the testimony of the deputy, the substance of which, at best, was the statement of a person that refused to appear and subject herself to cross-examination, thus precluding any test of the truth of the statement purportedly made or the veracity of the one who made it. Such hearsay, even though admissible under an exception to the hearsay rule,[4] but of doubtful materiality in this case, in our opinion falls far short of the quantum and quality of independent evidence which the authorities require in proving the corpus delicti before a confession may be used to establish guilt. To hold otherwise would open the door to possible injustice from the fabricated testimony of one, who, knowing that a person could not or would not appear to testify, and without fear of recrimination, easily could put words in the mouth of an absentee that could be highly prejudicial to an accused when viewed in the light of the latter's confession. Our traditional zeal in safeguarding the rights of an accused would preclude conviction on such an unsubstantial basis.

Besides the above, the evidence adduced by the deputy's statement was that merely of a second confession. To say a second confession, with nothing more, could be used to prove the corpus delicti, obviously would be to devour the rule itself, which is predicated on the fact that one confession alone, with nothing more, cannot prove the corpus delicti,—there being no magic or significance to a repetition thereof.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.

such rule, already announced in Arizona in Burrows v. State, 38 Ariz. 99, 297 P. 1029, is the soundest of those heretofore enunciated by the authorities. See also,

State v. Crank, 1943, 105 Utah 332, 142 P.2d 178, 170 A.L.R. 542.

3. 127 A.L.R. 1136.

