453 P.2d 696

The STATE of Utah, Plaintiff and Respondent,

v.

Peter A. PETERSON, Defendant and Appellant.

No. 10900.

Supreme Court of Utah.

April 18, 1969.

Richard S. Shepherd, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley and Joseph P. McCarthy, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

CROCKETT, Chief Justice:

Peter A. Peterson appeals from his conviction by a jury of the crime of assault with a deadly weapon with intent to do bodily harm.

On the 20th of October, 1966, the victim, one Keith Magnuson, had met a Linda Skelton on west Second South in Salt Lake City; and after some preliminary negotiations, they had gone to her motel room at 325 North Second West. Subsequent occurrences therein are not material to this case except that there developed some strife and an altercation as a result of which the woman yelled "Pete." Thereupon the defendant came to the door, looked in, left and returned shortly with a hunting knife. Defendant asserts that he was only threatening Magnuson to scare him into leaving. But the incriminating fact is that, whatever else happened in connection with this occurrence, defendant made a "slashing" motion toward Magnuson with the knife from which the latter received a cut on the hand which required six stitches to close.

The points of argument made by the defendant in attempting to upset the convic-

tion are that the essence of the crime is an intent to inflict "great" bodily harm or injury, of which there must be shown a specific intent; and that the evidence is insufficient to support a finding of those elements beyond a reasonable doubt.

■ The offense is defined by Sec. 76–7–6, U.C.A.1953:

Every person who, with an intent to do bodily harm and without just cause or excuse, * * * commits an assault upon the person of another with a deadly weapon * * * is punishable by imprisonment in the state prison not exceeding five years, or by fine not exceeding $1,000, or by both.

It will be noted that the statute does not use the term "great" bodily harm, as urged by the defendant in his argument. Neither does the charge thereunder upon which the defendant was tried and convicted. Nor is it necessary that they do so. The essence of the offense here involved is an assault upon another with a deadly weapon with intent to do bodily harm; and no particular degree of harm is specified or required.

■■ With respect to the intent: It is true that the State was unable to prove directly what was in the defendant's mind

relative to doing harm to the victim; and that he in fact denied having any such intent. However, his version does not establish the fact, nor does it even necessarily raise sufficient doubt to vitiate the conviction. If it were so, it would lie within the power of a defendant to defeat practically any conviction which depended upon his state of mind. As against what he says, it is the jury's privilege to weigh and consider all of the other facts and circumstances shown in evidence in determining what they will believe.[1] This includes not only what was said and what was done, but also the drawing of reasonable inferences from the conduct shown,[2] which in this instance they may well have regarded as speaking louder than the defendant's later defensive claims as to what his intentions were. This is in accord with the elementary rule that a person is presumed to intend the natural and probable consequences of his acts.[3] It seems almost too obvious for comment that the intent to do bodily harm could reasonably be inferred from the "slashing" at another person with a hunting knife.

Affirmed.

CALLISTER, TUCKETT, HENRIOD, and ELLETT, JJ., concur.

---

1. See City of Roswell v. Hall, 45 N.M. 116, 112 P.2d 505.
2. State v. Minousis, 64 Utah 206, 228 P. 574.

3. See State v. Leach, 36 Wash.2d 641, 219 P.2d 972.