STATE of Utah, Plaintiff and Respondent,

v.

Leslie G. KNOEFLER, Defendant and Appellant.

No. 14837.

Supreme Court of Utah.

April 1, 1977.

James L. Shumate, Cedar City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, David L. Mower, Garfield County Atty., Panguitch, for plaintiff and respondent.

WILKINS, Justice:

Defendant appeals from a conviction of driving under the influence of intoxicants and inflicting bodily injury on another in violation of Utah Code Ann., Sec. 41–6–44(b) and (d), (1953). The facts reveal that defendant and two other individuals, Stevens and Lund, were injured when an automobile in which they were riding overturned near Circleville, Utah, at approximately 6:15 a.m. on January 28, 1976. The defendant and Lund escaped with minor bruises and abrasions while Stevens was seriously injured. The transcript disclosed that there existed "an abundance of beer" in the vicinity of the wreckage. Both defendant and Lund were staggering, slurring

their speech, and both smelled of alcohol. Witnesses to the accident also detected the odor of alcohol on Stevens' breath, although the serious nature of his injuries made it impossible for him to move. While at the scene of the accident, defendant admitted to an investigating police officer that he had been the driver of the automobile at the time of the accident. He was then placed under arrest and taken to Circleville where a breathalyzer test was administered, the results of which indicated his blood alcohol content to be .21 percent by weight. The defendant contends that the State at the trial below failed to establish the corpus delicti (i.e., that a crime had been committed) independently of his admission that he was the driver of the automobile, and he therefore seeks reversal of his conviction.

An admission or a confession, without some independent corroborative evidence of the corpus delicti, cannot alone support a guilty verdict.[1] To sustain a conviction, the requirement of independent proof of the corpus delicti requires only that the State present evidence that the injury specified in the crime occurred, and that such injury was caused by someone's criminal conduct.[2] An admission or confession is admissible to connect an accused with the crime committed; but the connection of the accused with the crime need not be proven to establish the corpus delicti.[3]

The State produced evidence of the corpus delicti—that the crime of driving under the influence of intoxicants and inflicting bodily injury on another had occurred—independent of the defendant's admission of having driven the automobile at the time of the accident. The evidence clearly disclosed that all three occupants of the automobile were injured, one of them quite seriously. Injuries resulting from an automobile accident are those contemplated by the crime herein involved.[4] All three occupants of the vehicle smelled of alcohol; there was evidence of "an abundance of beer" surrounding the wreckage; and the defendant and Lund were staggering and slurring their speech. One of the three occupants had to be the driver, and with evidence that all three had been drinking, there was a showing that the injuries suffered were a result of someone's criminal conduct of driving under the influence of intoxicants.[5] Consequently, the defendant's conviction is not subject to reversal since his admission was corroborated by independent evidence that a crime had occurred. The effect of the defendant's admission was to connect him to the crime, and his admission was not needed to establish that a crime had been committed.

Affirmed.

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.

1. *State v. Erwin,* 101 Utah 365, 387, 120 P.2d 285 (1942); *State v. Johnson,* 95 Utah 572, 83 P.2d 1010 (1938); *State v. Jessup,* 98 Utah 482, 487, 100 P.2d 969 (1970).

2. *State v. Johnson,* Id., 95 Utah at 580, 83 P.2d 1010. *State v. Cazier,* Utah, 521 P.2d 554, 555 (1974). McCormick, Evidence (2nd. Ed. 1972) Sec. 158, states: "To establish guilt, it is generally necessary for the prosecution to show that (a) the injury of harm specified in the crime occurred, (b) this injury or harm was caused by someone's criminal activity, and (c) the defendant was the guilty party. To sustain a conviction, the requirement of independent proof of the *corpus delicti* demands only that the prosecution have introduced independent evidence tending to show (a) and (b). It is not necessary that the independent proof tend to connect the defendant with the crime."

3. Ibid.

4. Utah Code Ann., Sec. 41–6–44(d), (1953).

5. Utah Code Ann., Sec. 41–6–44(b), (1953).