**STATE of Utah, in the Interest of K. D. S., a person under eighteen years of age.**

No. 14769.

Supreme Court of Utah.

April 5, 1978.

Don Blackham of Blackham & Boley, Salt Lake City, for K. D. S.

Robert B. Hansen, Atty. Gen., Bruce M. Hale, Asst. Atty. Gen., Salt Lake City, Robert W. Adkins, Summit Co. Atty., Coalville, for the State of Utah.

ELLETT, Chief Justice:

This is an appeal from a judgment of the juvenile court finding appellant guilty of driving while under the influence of intoxicating liquor in violation of U.C.A.1953, 41–6–44.

At approximately 12:45 a. m., on October 12, 1975, a highway patrolman was called to investigate an accident at Silver Creek Junction in Summit County, Utah. Upon arrival at the scene he found that a pickup truck, registered to the appellant, had collided with a utility pole. The officer found appellant and his friend White at the scene.

The officer testified at the hearing that he observed many empty beer cans in the back of the pickup and that it appeared to him by their actions that the two youths had been drinking. He also testified that White told him at the scene that appellant had been the driver of the vehicle.

The appellant was taken to Coalville for field sobriety tests and a breathalyzer test. The breathalyzer test showed that the alcoholic content of appellant's blood was .11 percent.

The officer testified that enroute to Coalville the appellant told him that he had been the driver of the truck at the time of the accident. At the hearing White testified, but did not deny that he had told the officer that appellant was the driver. It was through the officer's testimony over hearsay objections, that White's admission was brought out.

Appellant challenges the judgment on three points: First, he alleges that the record does not support an adjudication that appellant was within the jurisdiction of the juvenile court; Second, he claims that the evidence showing the appellant to be the driver of the vehicle was inadmissible and should have been excluded; Third, he claimed that the evidence did not show him to be under the influence of intoxicating liquor at the time he was driving the vehicle.

U.C.A.1953, Sec. 55–10–77(1) gives the juvenile court jurisdiction in this case. It is clear from the record that appellant was under eighteen years of age when the violation occurred. The juvenile court invokes its jurisdiction by determining whether or not the juvenile involved is delinquent and then in deciding what action to take.

Appellant contends that no formal Finding of Fact and Conclusions of Law were entered by the court pursuant to the provisions of Rule 52(a), U.R.C.P.[1] and thus no jurisdiction was invoked.

██ The test for Rule 52(a) is whether or not the Findings of Fact and Conclusions of Law indicate clearly the mind of the court even though they are not in the artistic form of approved models.[2] In the case before us we have no question as to what offense was charged, or on what basis the judge made his Findings of Fact and Conclusions of Law. At the close of the hearing the judge did make Findings of Fact and Conclusions of Law, and jurisdiction was clearly established in this hearing.

The legislature has set up juvenile courts for the purposes of making sure each child gets such care and guidance as will serve his welfare as well as the interests of the state in addition to protecting the individual citizen against juvenile violence and law breaking.[3] The court must also determine what rights the legislature intended the juvenile to have as he goes through this court process including which rules of evidence should be followed.

In U.C.A.1953, 55–10–105, the legislature has provided that:

(1) Proceedings in children's cases shall be regarded as *civil proceedings*, with the court exercising *equitable powers.*

(2) An adjudication by a juvenile court that a child is within its jurisdiction under section 55–10–77 shall not be deemed a conviction of a crime *except in cases involving traffic violations*; . . . . . [Emphasis added.]

██ In exercising these equitable powers the juvenile court is to determine factual matters.[4] It has also been established that this determination should not be overturned unless a clear abuse of discretion is shown.[5] At times these proceedings may be conducted in an informal manner.[6]

██ At the same time, despite this informality, it is clear that basic rules of evidence should be adhered to.[7] However, it is within the court's sound discretion to apply these rules.[8]

The question before us is this: Did the trial judge abuse his discretion in allowing the officer to testify as to what appellant and his friend told him?

Appellant does not challenge the legality of his own admission to the officer but cites *State v. Ferry*[9] as holding that an accused cannot be convicted on his confession alone, and that there must exist, independently, clear and convincing evidence of the corpus delicti of the crime. In that case, this Court went on to add that such evidence "need not be convincing beyond a reasonable doubt." (*Ferry*, supra at p. 373, 275 P.2d at 173.)

If appellant is convicted of driving under the influence of alcohol in juvenile court, it will stand as a conviction of a crime.[10] In this area or in such areas as deprivation of custody of children or loss of liberty to the juvenile, it is apparent that the courts must insure that certain constitutional rights of

---

1. U.R.C.P. 52(a) Effect. In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and judgment shall be entered pursuant to Rule 58A; . . . . .

2. *In Re Clift's Estate*, 70 Utah 409, 260 P. 859 (1927).

3. U.C.A.1953, 55–10–63.

4. *State in Interest of Salas*, Utah, 520 P.2d 874 (1974).

5. *State in Interest of K____ B____*, 7 Utah 2d 398, 326 P.2d 395 (1958).

6. U.C.A.1953, 78–3a–33.

7. *Arizona State Dept. of Public Welfare v. Barlow*, 80 Ariz. 249, 296 P.2d 298 (1956); *In Re Hill*, 78 Cal.App. 23, 247 P. 591 (1926).

8. *In Re Baxter's Estate*, 16 Utah 2d 284, 399 P.2d 442 (1965); *Hanks v. Christensen*, 11 Utah 2d 8, 354 P.2d 564 (1960).

9. *State v. Ferry*, 2 Utah 2d 371, 275 P.2d 173 (1954).

10. U.C.A.1953, 55–10–105.

the defendant have not been invaded. It is true, however, that some reasonable latitude for a witness' testimony must be allowed. The error committed must be substantial and prejudicial leading to the reasonable likelihood of a different result.[11] The judge should guard carefully against such prejudicial error.

■ Hearsay statements have been generally discredited because they (1) lack trustworthiness and (2) the person purporting to know the facts is not stating them under oath. Certain exceptions to the hearsay rule have been enumerated in Rule 63, Utah Rules of Evidence. From the record it appears that the statement made by Dward White to the effect that the appellant was driving the truck was made in the presence of the appellant who made no objection to the statement. In fact, on the way to Coalville, the appellant stated that he was driving the truck, but that he was not driving under the influence of alcohol.

The trial judge ruled that the testimony of the officer was competent and Rule 63(6) justifies his ruling.

■ Appellant further claims that there was no competent evidence to show that he was under the influence of intoxicating liquor at the time he was driving the motor vehicle. However, the evidence amply supports the lower court's finding and we will not disturb it. The officer came upon a truck that had collided with a pole. In this truck were empty beer cans. He testified that he had cause to believe the two youths at the scene were under the influence of intoxicating liquor. Someone had driven this truck into the pole. The truck belonged to the appellant and the evidence showed that he was the driver of it.

The fact that this accident was not investigated for some time after it occurred does not assist the defendant. The officer responded as quickly as he could and the tests given to the appellant confirmed the opinion of the officer that the appellant was under the influence of intoxicating liquor.

The evidence presented to the court was sufficient to justify the trial judge in believing beyond a reasonable doubt that the appellant was guilty of driving a motor vehicle while under the influence of alcohol.

The judgment is affirmed. No costs are awarded.

CROCKETT, WILKINS, and HALL, JJ., concur.

MAUGHAN, Justice: (concurring in result).

While concurring in the result, I wish to make the following comments. I believe them to make significant clarification.

Defendant was convicted in the Juvenile Court of driving a motor vehicle while under the influence of intoxicating liquor (Section 41–6–44, U.C.A.1953). An adjudication by the Juvenile Court in cases involving traffic violations is deemed a conviction of a crime, Sec. 78–3a–44(2), (4), U.C.A. 1953, as redesignated.[1]

Defendant challenged the admissibility in evidence of the testimony of Trooper Lacy that passenger Dward White had stated defendant was driving the truck. The objection was predicated on the ground the testimony was hearsay evidence.

Rule 63, U.R.E. provides:

Evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated is hearsay evidence and inadmissible except:

(1) Prior Statements of Witnesses. A prior statement of a witness, if the judge finds that the witness had an adequate opportunity to perceive the event or condition which his statement narrates, describes or explains, provided that (a) it is inconsistent with his present testimony, or (b) it contains otherwise admissible facts which the witness denies having stated or has forgotten since making the statement, or (c) it will support testimony made by the witness in the present case

11. *Wardell v. Jerman*, 18 Utah 2d 359, 423 P.2d 485 (1961).

1. *State in Interest of Oaks*, Utah, 571 P.2d 1364 (1977).

when such testimony has been challenged; . . .

Passenger White was a witness at the trial. When interrogated as to who was driving the truck, White refused to answer. Subsequently, the police officer testified that White informed him defendant was driving the vehicle. The court properly ruled the officer's testimony was an exception to the hearsay rule—Rule 63(1), U.R.E.

Officer Lacey further testified that after he arrested defendant, and they were driving to Coalville, defendant voluntarily stated he was driving the vehicle.

Defense counsel asserted an objection to the officer relating the conversation between him and defendant. The court overruled the objection before counsel could assert the grounds therefor. Subsequently, the officer testified that after informing defendant of his rights, both at the scene of the accident and at the jail in Coalville, defendant was asked whether he was operating the vehicle. Defendant responded that he was.

The officer's testimony was admissible under the exception set forth in subsection (6) of Rule 63, U.R.E.

(6) Confessions and Admissions. In a criminal proceeding as against the accused, a previous statement by him relative to the offense charged if, and only if, the judge finds that the statement was made knowingly and voluntarily by the accused and the circumstances under which the statement was made were not violative of the constitutional rights of the accused; . . .

Subsection (7) of Rule 63, which was also relied on by the trial court, is not applicable to this matter. It is applicable only in civil proceedings. Subsection (6) is all controlling.