STATE of Utah, Plaintiff and
Respondent,

v.

Lynn Edward COOLEY, Defendant
and Appellant.

No. 15957.

Supreme Court of Utah.

Nov. 7, 1979.

P. Gary Ferrero, Provo, for defendant
and appellant.

Robert B. Hansen, Atty. Gen., William W.
Barrett, Asst. Atty. Gen., Salt Lake City,
for plaintiff and respondent.

WILKINS, Justice:

Defendant was convicted of forcible sexu-
al abuse in violation of Section 76–5–404,[1]

1. All statutory references are to Utah Code
Ann., 1953, as amended, unless otherwise indi-
cated.  Section 76–5–404 provides:

(1) A  person  commits  forcible  sexual
abuse if, under circumstances not amounting
to rape or sodomy, or attempted rape or

sodomy, he touches the anus or any part of
the genitals of another, or otherwise takes
indecent liberties with another, or causes an-
other to take indecent liberties with himself
or another, with intent to cause substantial
emotional or bodily pain to any person or

by the District Court for Utah County, sitting without a jury, and he appeals. Affirmed.

On April 15, 1978, defendant was watching television in the lounge area of an apartment complex in Orem, Utah. Also watching television was the victim of this crime, a three and a half year old girl, the daughter of the manager of the apartment complex. At the trial, the father of the victim testified that he came into the lounge area periodically that day to check on his daughter, and that on one occasion, he observed that his daughter was lying down with her dress pulled up, exposing her belly and panties, and that defendant had placed his hands on those panties. The father further testified that he called his daughter to him, questioned her about the incident, and then called the police.

A Detective Weatherly responded to the call and investigated the incident. Weatherly was allowed to testify, over defendant's objection that the State had not yet established the corpus delicti of the crime, as follows: that after the officer had warned the defendant of his right to counsel and his right to remain silent in accordance with *Miranda v. Arizona*,[2] the defendant had first stated that he had seen the little girl's brother spill his drink, and that he was merely checking to see that she was not wet. Later, though, defendant admitted to the officer:

He told me that he was watching television, and as the girl was sitting close by sort of in an inclined position with her head still back against the couch, but in that respect it showed, had her panties showing [sic] and that he looked over and saw her panties, and that this aroused his curiosity. He said he looked around the room to make sure that no one was there, and then he went over there and took her

pants down, stroked her with his finger and examined, to satisfy his curiosity.

The defendant stipulated to the testimony the child would give were she called to testify, but objected to the admission of that stipulation without the Court's first conducting an examination of the child in chambers with regard to her competency pursuant to § 78–24–2.[3] The Court declined to examine the child, and reserved his ruling on the admissibility of this evidence. Later the Court ruled that the child was competent to testify to the limited extent of the facts in the stipulation without examining her as to her competency as a witness.

Defendant's stipulation encompassed the following: that were the child called as a witness, she would testify (1) that she is acquainted with the defendant or that she knows him from this situation, (2) that her vaginal area is referred to by herself as her "bottom" and (3) that defendant touched her bottom.

Defendant first argues, as noted, that the Court erred in allowing Detective Weatherly to relate defendant's statements to the police, contending that the corpus delicti had not been established prior to receiving those statements into evidence. It is defendant's contention that the testimony of the father of the victim was not sufficient for the District Court to have found that this testimony established defendant's "intent to arouse or gratify the sexual desire of any person" nor did it establish any touching of the anus or any part of the genitals or the taking of indecent liberties.

In *State v. Ferry*, 2 Utah 2d 371, 275 P.2d 173 (1954), the standard announced for proving corpus delicti before a confession may be considered was one of clear and convincing evidence. Is the testimony of

---

with the intent to arouse or gratify the sexual desire of any person, without the consent of the other.

(2) Forcible sexual abuse is a felony of the third degree.

2. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. Section 78–24–2 provides: The following persons cannot be witnesses:

 * * * * * *

(2) Children under ten years of age, who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly.

the victim's father (apart from that of the victim) such that it could be regarded by the District Court as satisfying that requirement? We hold that it is because this testimony, and the reasonable inferences springing therefrom are sufficient bases for the District Court to have found by this standard that defendant touched the private parts of the child, or was taking indecent liberties with her, in order to arouse or gratify his sexual desire.

Defendant further contends that the State must prove his intent, not only to establish the corpus delicti, but, as intent is the essence of this crime under § 76–5–404, the State must establish defendant's intent beyond a reasonable doubt, as an element of the crime.[4]

██ Specific intent, need not be proved by direct evidence, and, of course, is always subject to denial by an accused. The factfinder, however, is entitled to draw all reasonable inferences from the facts and from the actions of the defendant. As this Court stated in *State v. Peterson*, 22 Utah 2d 377, 453 P.2d 696 (1969):

> With respect to the intent: It is true that the State was unable to prove directly what was in the defendant's mind relative to doing harm to the victim; and that he in fact denied any such intent. However, his version does not establish the fact nor does it even necessarily raise sufficient doubt to vitiate the conviction. If it were so, it would lie within the power of a defendant to defeat practically any conviction which depended upon his state of mind. [453 P.2d at 697]

And in *State v. Whittinghill*, 109 Utah 48, 163 P.2d 342 (1945), this Court stated: "Specific intent may be inferred from acts. It may be shown like many other facts from the surrounding circumstances. The circumstances when taken together must admit of no other reasonable hypothesis than that of guilt to warrant conviction." [163 P.2d at 344.]

The reasonable inference to be drawn from defendant's admission to the police that he had stroked and examined the little girl is that defendant intended to "arouse or gratify his sexual desires" though he denied such intent. The defendant's contention that there was insufficient evidence of his intent to arouse or satisfy his sexual desires is without merit.

██ Defendant next contends that the Court erred in admitting the stipulated testimony of the three-year-old victim without qualifying her as a witness, pursuant to § 78–24–2.[5] We agree.

It is manifest error for the Court to admit testimony of a child this young, over the objection of the defendant, without examining her as to her competency as a witness.

In *State v. Blythe*, 20 Utah 378, 58 P. 1108 (1899), this Court ruled:

> When, therefore, objection is made to the competency of a child under ten years of age, it becomes a question addressed to the sound discretion of the trial court and the appellate court will not interfere, if the lower court, upon examination made upon its voir dire, or upon all of its testimony, concludes that the child is competent to testify, unless there is a clear abuse of discretion apparent from the record. [58 P. at 1108]

We find clear abuse of the Court's discretion here.

In *State v. Sanchez*, 11 Utah 2d 429, 361 P.2d 174 (1961) this Court commented as to the factors the Court must consider in determining whether a child under the age of ten is competent to testify:

> What is essential is that it appear that the child have sufficient intelligence that she understands the questions put to her; has some knowledge of the facts they relate to; that she shows some aptitude in remembering and relating pertinent facts; and that she has a sense of moral duty to tell the truth. [361 P.2d at 175]

---

4. Section 76–1–501. See also *State v. McCune*, 16 Utah 170, 51 P. 818 (1898).

5. Supra, note 3.

There is no basis in the record on which the Court could rule that this child was competent to testify to the facts as stipulated. The Judge did not question her in order to determine any of the matters related above; neither did he have an opportunity to observe her personally, since she was not in Court. There is no other testimony or evidence whatsoever that the child knew the importance of telling the truth, that she remembered the facts, or had related them accurately.

But though the Court erred, it was harmless error. The admission of the stipulation was not prejudicial to defendant. As observed above, there was sufficient—indeed, very considerable—evidence upon which the Court could base its finding of guilt beyond a reasonable doubt, without the presence of this testimony. We are not persuaded that this evidence had a substantial influence in bringing about the Court's decision, and therefore, in accordance with Rule 4, Utah Rules of Evidence, we cannot reverse the judgment on this ground.

Finally, defendant contends that though the statute appears to set a definable standard of intent, the District Court relied entirely on unreasonable inferences drawn from defendant's acts in order to establish his intent. He further argues that the Court's interpretation of the statute as applied to him renders the statute unconstitutionally vague. But, as we have determined, ante, that these inferences were reasonable, this argument is without merit and we do not further discuss it.

CROCKETT, C. J., and MAUGHAN and HALL, JJ., concur.

STEWART, Justice, dissenting:

I respectfully dissent for the reason that the logic of the Court's opinion does not support the conclusion reached. The Court holds that the failure of the trial judge to determine the competency of the little girl to testify is harmless error. Under the circumstances of this case, that conclusion, in my view, is warrantless. Without her testimony there is a total insufficiency of evidence to prove the *corpus delicti* of the crime. The only other possible evidence tending to establish the *corpus delicti* is the testimony of the father that he had seen the defendant place his hands on the little girl's panties. That evidence does not establish, especially under the "clear and convincing" evidence standard enunciated in *State v. Ferry*, 2 Utah 2d 371, 275 P.2d 173 (1954), that a crime had been committed under § 76-5-404. In my view, the Court, while paying verbal deference to this principle, misapplies the standard. Without the testimony of the little girl, it is clear that the *corpus delicti* could not be established. Under these circumstances, I find it baffling for the majority to hold the trial judge's failure to determine her competency harmless error. In truth, the conviction must stand or fall on the credibility of her testimony.

This case should be remanded to the trial court for a determination of the competency of the 3½ year old girl to testify and a new trial, if warranted, after such a determination.