STATE of Utah, Plaintiff and Appellee,

v.

David Laird HANSEN, Defendant and Appellant.

No. 920823–CA.

Court of Appeals of Utah.

Aug. 4, 1993.

Cleve J. Hatch, Provo, for defendant and appellant.

Benjamin T. Davis, Provo, for plaintiff and appellee.

Before BENCH, GREENWOOD and RUSSON, JJ.

BENCH, Judge:

Defendant, David L. Hansen, appeals his conviction of a class A misdemeanor for leaving the scene of an injury accident in violation of Utah Code Ann. § 41-6-29 (1988), and his conviction of a class B misdemeanor for driving with a suspended driver's license in violation of Utah Code Ann. § 41-2-136 (Supp.1991). We remand for additional findings.

## FACTS

A single-car rollover occurred on September 7, 1991 on Interstate 15. The car crossed the median, rolled one and a quarter times, and came to rest on the passenger's side. One occupant was pinned beneath the car and suffered fatal head wounds. Witnesses observed another occupant emerge from the car through the driver's door and then run into a nearby grove of trees. Witnesses saw him then emerge from the grove, return to the highway, and hitchhike away. Before officers arrived at the accident, bystanders had pushed the car back to an upright position in an attempt to help the injured occupant. None of the State's witnesses could say if the man who left the car was the driver, or if the man pinned beneath the car was the driver.

The next day, after receiving information from a confidential informant, the police stopped a vehicle in which defendant was a passenger. During questioning, defendant admitted to being the driver in the rollover. He indicated that he was driving when the victim, who was very drunk, grabbed the wheel. Defendant explained that the vehicle rolled when he over-corrected and lost control. Defendant was charged with leaving the scene of an accident and driving with a suspended license.

**980**

At trial, defendant moved to dismiss both charges, claiming the State did not establish the corpus delicti of the crimes by clear and convincing evidence independent of his admission that he was driving. The motion was denied and defendant was found guilty on both counts. Defendant appeals, asserting that the trial court misapplied the corpus delicti rule.

## ANALYSIS

### Corpus Delicti Rule

A post-crime inculpatory statement is sufficient to establish the guilt of a defendant only when there is clear and convincing evidence independent of the confession that the crime actually occurred. *State v. Johnson,* 821 P.2d 1150, 1163 (Utah 1991).

> An admission or a confession, without some independent corroborative evidence of the corpus delicti, cannot alone support a guilty verdict. To sustain a conviction, the requirement of independent proof of the corpus delicti requires only that the State present evidence that the injury specified in the crime occurred, and that such injury was caused by someone's criminal conduct.

*State v. Knoefler,* 563 P.2d 175, 176 (Utah 1977); *see also Johnson,* 821 P.2d at 1162 n. 8. It is permissible to use reasonable inferences drawn from the evidence presented to establish the corpus delicti. *See State v. Cooley,* 603 P.2d 800, 802 (Utah 1979).

### Leaving the Scene

It is not a crime for a passenger in a car involved in an injury accident to leave the scene of the accident. Utah Code Ann. § 41-6-29 (1988) provides:

> (1) The *operator* of a vehicle involved in an accident resulting in injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close to it as possible and shall immedi-

ately return to and remain at the scene of the accident until he has fulfilled the requirements of section 41-6-31. The stop may not obstruct traffic more than is necessary.

> (2) A person failing to stop or to comply with the requirements of Subsection (1) is guilty of a class A misdemeanor.

(Emphasis added.)

In order for the State to establish the corpus delicti of the crime specified in section 41-6-29, the State must establish by clear and convincing evidence that the person who left the scene was in fact the driver of the vehicle and not merely a passenger.[1] Such evidence may not include defendant's admission that he was driving.

Defendant argues that the State must present independent evidence of his identity as the driver as part of the corpus delicti of the crime. This assertion is incorrect. "[T]he connection of the accused with the crime need not be proven to establish the corpus delicti." *Knoefler,* 563 P.2d at 176. The question considered when establishing corpus delicti is whether a crime was in fact committed, not who committed the crime. *See State v. Cazier,* 521 P.2d 554, 555 (Utah 1974); *State v. Johnson,* 95 Utah 572, 83 P.2d 1010, 1014 (1938). The question of who actually committed the crime may be answered by the defendant's admission once the corpus delicti is established. *Knoefler,* 563 P.2d at 176.

The record is unclear as to whether the trial court was convinced that the occupant who left the accident scene was the driver based only on the State's independent evidence. There is no express finding by the trial court that the State had established the corpus delicti with independent evidence, as there should have been once the issue was raised. The trial court only stated that the "confession puts him in the driver's seat," and that "the confession makes the difference." From these brief

---

1. In an attempt to show that *a* crime was committed, the State improperly asserts for the first time on appeal that the car crossed the highway median in violation of Utah Code Ann. § 41-6-63.10(2) (1988). The defendant was not so charged and this argument was not presented at trial. Appellate courts will not hear issues that are raised for the first time on appeal. *State v. Archambeau,* 820 P.2d 920, 925 (Utah App.1991).

ambiguous references, it appears that the trial court may have improperly used defendant's admission to find that the person who left the scene was the driver of the car. If this is the case, the trial court incorrectly applied the corpus delicti rule. On the other hand, if the trial court was convinced that it was the driver who left the scene—without relying on defendant's admission—then the corpus delicti rule was satisfied. The reference to the confession putting defendant in the driver's seat would relate only to the trial court's determination of who committed the crime, not the determination that a crime was actually committed.

The trial court's findings are inadequate for us to determine on review the steps taken by the trial court in reaching the decision it did. We do not know if the trial court properly found that the corpus delicti had been established independent of the admission. This is a question that must be resolved at the trial court level. We therefore remand the matter for an explicit determination of whether the corpus delicti of the crime has been properly established without resort to defendant's admission. If the trial court so finds, the conviction may stand. If not, the conviction should be vacated.

### Driving on a Suspended License

■ Defendant challenges his conviction for driving with a suspended license on the same grounds. It is clearly not a crime to be a passenger in a car when one's license is suspended. Utah Code Ann. § 41–2–136 (Supp.1991) provides:

(1) A person whose license has been denied, suspended, disqualified or revoked under this chapter and *operates* any motor vehicle upon the highways of this state while that license is denied, suspended, disqualified, or revoked shall be punished as provided in this section.

. . . .

(3)(a) A person is guilty of a class B misdemeanor whose conviction under Subsection (1) is based on his operating a vehicle while his license is suspended or revoked for:

(i) a refusal to submit to a chemical test under Section 41–6–44.10.

(Emphasis added.) [2]

■ Since the applicable crime specified in section 41–2–136 is the operation of a vehicle by a person whose license is suspended, the State must show by independent evidence that the driver of the car had a suspended license. Had the State shown that both of the car's occupants had suspended licenses, then the State would necessarily have shown that one of the occupants was driving with a suspended license and that the crime was committed by *someone*. *See Knoefler,* 563 P.2d at 176 (holding that since one of the car's occupants had to have been driving, and all three were drunk, then someone must have been driving under the influence of alcohol). The State, however, has not asserted here that both occupants had suspended driver's licenses.[3]

■ Rather, the State asserts that once a post-crime inculpatory statement is admitted to establish defendant's identity in one charged crime where the corpus delicti has already been independently established, the statement may then be used to establish the corpus delicti of another crime involving the defendant and the same admitted action. We agree.

■ The corpus delicti rule is a "safeguard against convicting the innocent on the strength of a false confession." *Johnson,* 821 P.2d at 1162 (quoting *State v. Weldon,* 6 Utah 2d 372, 375, 314 P.2d 353, 357 (1957)). The requirement of independent evidence of a crime helps to establish

**2.** There is no debate that there is sufficient independent evidence that defendant's driver's license had been suspended due to his refusal to submit to a chemical test under section 41–6–44.10.

**3.** An alternative approach to establishing the corpus delicti of driving with a suspended license would be the typical scenario where the independent evidence is provided by the arresting police officer who personally observed the defendant driving. We have no such eyewitness evidence in this case.

the reliability of the inculpatory statement. Once the reliability of an inculpatory statement has been established, however, the purpose of the corpus delicti rule has been satisfied. Therefore, if defendant's admission that he was driving when the accident occurred is determined to be reliable and allowed in as evidence that it was defendant who illegally fled the scene of the accident, the admission that he was driving may then be used to establish the corpus delicti of the crime of driving on a suspended driver's license. If, on the other hand, the defendant's admission is not allowed in on the charge of leaving the accident scene, then the State must produce other independent evidence that defendant was driving with a suspended license. In the latter scenario, if there is no other independent evidence to establish the corpus delicti of the crime, defendant's conviction for driving with a suspended license would have to be vacated.

Once again, the trial court's findings are inadequate for us to determine whether the corpus delicti rule was properly applied.

## CONCLUSION

We remand this matter with instructions that explicit findings of fact and conclusions of law be made as to whether the State has independently established the corpus delicti of both crimes.[4]

GREENWOOD and RUSSON, JJ., concur.

---

4. We note that our remand is not intended to be a mere bolstering of the trial court's previous decision. *See State v. Starnes,* 841 P.2d 712, 716 (Utah App.1992). The articulation of findings of fact and conclusions of law is an integral part of the decision making process. *Adams v. Board of Review of Indus. Comm'n,* 821 P.2d 1, 7 (Utah App.1991).

> Once [a court] attempts to state its findings, identify the applicable law, and articulate its logic, it may discover that critical facts are

not properly before it, that the law is other than anticipated, or that its initial logic is flawed. In such situations, a result contrary to the initial conclusions of the [court] may be dictated.

*Id.* at 7–8 (footnote omitted). It is thus imperative that the trial court fully and properly re-evaluate the evidence before it when making the requisite findings on remand rather than merely bolster the previous ruling by summarily rehearsing the requisite findings.